IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL ACTION |
| v. | : |
| | : NO. 18-223 |
| JULIAN TERRELL TURK | : |

**SURRICK, J.**                                                                               September 21, 2018

## **MEMORANDUM**

Presently before the Court is Defendant Julian Terrell Turk's Motion to Dismiss the Indictment (ECF No. 31). For the following reasons, Defendant's Motion will be denied.

## I.     BACKGROUND

On May 24, 2018, the Government filed a one-count Indictment alleging that Defendant Julian Terrell Turk made a threat in violation of 18 U.S.C. 875(c). The Indictment states:

1. On or about May 3, 2018, in Levittown, in the Eastern District of Pennsylvania, defendant JULIAN TERRELL TURK contacted Person #1, known to the grand jury, in Los Angeles, California, by a cellular telephone call using the internet telephone service WhatsApp, and told Person #1 that defendant TURK, intended to assault D.A. on sight so severely that D.A. would require hospitalization, and also intended to assault D.A.'s wife.

2. On or about May 3, 2018, in Levittown, in the Eastern District of Pennsylvania, and elsewhere, defendant JULIAN TERRELL TURK knowingly and willfully transmitted in interstate commerce a threatening communication to others, that is, an internet telephone call containing a threat to injure another person, by threatening to assault D.A., and D.A.'s wife.

In violation of Title 18, United States Code, Section 875(c).

(Indictment, ECF No. 14.)

On September 7, 2018, Turk filed a Motion to Dismiss the Indictment pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, arguing the Indictment "fails to set forth all

the essential elements of the offense." (Mot. to Dismiss ¶ 7) The Government filed a Response to Defendant's Motion on September 14, 2018 (ECF No. 32) and the Court heard oral argument regarding the Motion and Response on September 19, 2018.

## II. LEGAL STANDARD

The Federal Rules of Criminal Procedure require that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (citation omitted). In addition, "the Federal Rules 'were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure.'" *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007) (quoting *United States v. Debrow*, 346 U.S. 374, 376 (1953)).

Federal Rule of Criminal Procedure 12(b)(3) authorizes a court to dismiss an indictment prior to trial if the indictment fails to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). "[I]f an indictment fails to charge an essential element of the crime, it fails to state an offense." *Huet*, 665 F.3d at 595. "Although there are exceptions, the 'general rule' is that a guilty mind is 'a necessary element in the indictment and proof of every crime.'" *Elonis v. United States*, 135 S. Ct. 2001, 2003 (2015) (quoting *United States v. Balint*, 258 U.S. 250, 251 (1922)). A district court must accept as true the factual allegations set forth in the indictment when assessing a motion to dismiss under Rule 12. *United States v. Sampson*, 371 U.S. 75, 78-79 (1962); *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990).

## III. DISCUSSION

### A. Parties' Contentions

Defendant argues the Indictment fails to identify probable cause for every element of the offense and should be dismissed pursuant to Rule 12(b) for failure to state an offense. (Mot. to Dismiss ¶¶ 6-7.) Specifically, Defendant argues that the Indictment does not meet the *mens rea* requirement as set forth in *Elonis*. (Mot. to Dismiss ¶¶ 6-7.) In *Elonis*, the Court stated that an indictment under Section 875(c) must allege the defendant had the subjective intent to convey a threat to injure others. 135 S. Ct. at 2011. Defendant primarily relies on an Eleventh Circuit case, *United States v. Martinez*, 800 F.3d 1293 (11th Cir. 2015), in which the court dismissed an indictment similar to the one here for failing to include a *mens rea* allegation regarding intent to communicate a threat. (Mot. to Dismiss ¶¶ 4-6.)[1]

The Government responds to Turk's Motion with several arguments. (Gov't Resp.) First, the Government contends that the sentence structure of the Indictment and normal rules of construction indicate that the *mens rea* terms "knowingly and willfully" apply to each of the elements of the offense, including the "threatening communication" that Defendant is alleged to have sent. (*Id.* at 9-10.) Second, the Government argues the indictment uses terms that are inherently indicative of a "bad purpose," such as "willfully" and the adjective "threatening." (*Id.* at 8-9.) Finally, the Government states that this Indictment, unlike the indictment in *Martinez*, provides facts and details regarding the nature of the threat from which Defendant's intent can be

---

[1] Defendant also relies on a Report and Recommendation of a Magistrate Judge in the Northern District of Georgia, *United States v. McIntosh*, No. 13-18, 2016 WL 695742 (N.D. Ga. Jan. 6, 2016) recommending that an indictment nearly identical to indictment in *Martinez* be dismissed for failing to satisfy *Elonis*.

inferred, such as the specific victims, the way that Defendant intended to injure the victims, and how badly Defendant would injure them. (*Id.* at 10.)

**B.     Applicable Law**

Title 18 of the United States Code, Section 875(c), states, in relevant part, "[w]hoever transmits in interstate or foreign commerce any communication containing any . . . threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 875(c). The elements of the offense are that (1) a communication be transmitted and (2) the communication contain a threat. *See Elonis*, 135 S. Ct. at 2008. Although the statute does not explicitly require a particular state of mind with respect to the elements, the Government is nonetheless required to prove the defendant acted knowingly with respect to the first element; i.e., that the defendant intended to send the communication in interstate commerce. *See id.* at 2011. In addition, the Court in *Elonis* held the Government must prove the defendant acted with a culpable state of mind as to the second element, the threatening nature of the communication. *See id.*at 2011 (finding that "the crucial element separating legal innocence from wrongful conduct is the threatening nature of the communication," and therefore, "[t]he mental state requirement must . . . apply to the fact that the communication contains a threat." (internal quotations and citations omitted)). The court further clarified that "the mental state requirement in Section 875(c) is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat," *id.* at 2012, but that "negligence is not sufficient to support a conviction under Section 875(c)."[2] *Id.* at 2013.

---

[2] The court declined to decide whether recklessness would suffice for conviction under Section 875(c). *Elonis*, 135 S. Ct. at 2013.

Accordingly, an indictment satisfies the mental state requirement regarding the threatening nature of the communication when it specifically alleges, or alleges facts from which the court can infer, that the defendant possessed the subjective intent to injure another. The court can infer such intent when the defendant's statements are so graphic and specific that the defendant must have had the purpose of issuing a threat or knowledge that the communication would be viewed as a threat. *See United States v. Elonis* (*Elonis II*), 841 F.3d 589, 600 (3d Cir. 2016) (holding defendant had requisite subjective intent to threaten when defendant's statements were "graphic and specific in ways that make it impossible to believe he was unaware it would be interpreted as a threat"). The court can also infer such intent when the defendant made direct and declaratory statements of intent to injure. *See, e.g., United States v. White*, 810 F.3d 212, 222 (4th Cir. 2016) (holding that defendant's statement "you are going to have the living shit beat out of you" was "direct and declarative" statement of intent sufficient to satisfy subjective intent requirement under *Elonis*). When an indictment does not include allegations that the defendant had the requisite subjective intent to injure, nor facts from which such intent can be inferred, the indictment must be dismissed. *See United States v. Martinez*, 800 F.3d 1293, 1295 (11th Cir. 2015) (dismissing indictment that "fail[ed] to allege Martinez's *mens rea* or facts from which her intent [could] be inferred").

C.   **Sufficiency of the Indictment**

The only dispute here is whether the Indictment sufficiently alleges that Turk had the subjective intent to convey a threat to injure another. We are satisfied that the Indictment is sufficient.

Accepting the facts in the Indictment as true, Defendant's subjective intent can be inferred from the threatening statements alleged. First, the details alleged here are similar to the

5

details in *Elonis II*, a case which represents the only opportunity that the Third Circuit has had to assess the evidence sufficient to support a finding that a defendant had the subjective intent to injure another. *United States v. Elonis* (*Elonis II*), 841 F.3d 589 (3d Cir. 2016). In *Elonis II*, the court found the requirement of subjective intent was satisfied when, *inter alia*, the defendant's statements were so graphic and specific that no reasonable jury could find the defendant acted for a purpose other than to issue a threat. *See id.* at 600. The defendant in *Elonis II* "specifically threaten[ed] elementary schools in a ten-mile radius, narrow[ed] his threat further to kindergarten classes within those elementary schools, and end[ed] his post with a haunting question that suggest[ed] he [would] carry out his threat imminently." *Id.* Defendant here was even more specific in identifying his victims than was the defendant in *Elonis II*. Here, Defendant specifically stated he would harm D.A. and D.A.'s wife. He also stated when he planned to injure them – the next time he saw them – and how he planned to do so: "so severely that D.A. would require hospitalization." (Indictment ¶ 1.) The statements are so graphic and specific that we can certainly infer Defendant had the purpose of conveying a threat to injure D.A. and D.A.'s wife, or that Defendant had the knowledge that the communication would be viewed as a threat.

Second, the statements alleged in the Indictment are direct and declaratory statements of intent to injure: "TURK . . . *told* Person #1 that defendant TURK, *intended to assault* D.A. on sight . . . and also *intended to assault* D.A.'s wife." (Indictment ¶ 1 (emphasis added).) Courts in other Circuits have found that the required state of mind is present when the defendant has made such a "direct and declaratory" statement of an intention to injure another.[3] *See, e.g.,*

---

[3] Third Circuit precedent regarding the defendant's subjective intent is limited since, prior to *Elonis*, the Third Circuit did not require the Government to prove the defendant possessed such a subjective intent. *See, e.g., United States v. Himelwright*, 42 F.3d 777, 783 (3d Cir. 1994)

6

*United States v. White*, 810 F.3d 212, 222 (4th Cir. 2016) (holding that defendant's statement "you are going to have the living shit beat out of you – to start with" was "direct and declarative" statement of intent sufficient to satisfy subjective intent requirement under *Elonis*); *United States v. McNeil*, 228 F. Supp. 3d 809, 815 (N.D. Ohio 2017) (holding indictment sufficient under *Elonis* when indictment stated that defendant threatened to "[k]ill them in their own lands, behead them in their own homes, stab them to death as they walk their streets thinking that they are safe . . . and kill them wherever you find them."); *United States v. Abdulkadir*, No. 16-2, 2016 U.S. Dist. LEXIS 20366, at *11-12 (D. Minn. Feb. 18, 2016) (holding indictment sufficient under *Elonis*, when indictment stated that defendant "did threaten, by posting tweets to his Twitter account . . . intending to impede, intimidate, and interfere . . . and to retaliate[.]"). We agree with these courts that such direct, declaratory statements create an inference that the defendant made the statements with the purpose of issuing a threat to injure another or with the knowledge that the communication would be viewed as a threat. Defendant here made unequivocal statements regarding his intent to assault his victims, from which we can infer his subjective intent.

In the few instances in which a court dismissed an indictment for failing to adequately allege the subjective intent of the defendant, such indictments did not contain express language regarding subjective intent, nor did they have facts from which the court could infer the requisite subjective intent. In his Motion, Defendant primarily relies on a case from the Eleventh Circuit, *United States v. Martinez*, 800 F.3d 1293 (11th Cir. 2015), in which the court dismissed an indictment that charged:

---

(declining to assess whether defendant had specific intent to threaten under Section 875(c) because the statute does not require it).

> On or about November 10, 2010, in Broward County, in the Southern District of Florida, and elsewhere [Martinez] did knowingly transmit in interstate commerce a communication, that is an email form response, to WFTL Radio, which communication contained a threat to injure the person of another, in violation of Title 18, United States Code, Section 875(c).

*Id*. at 1294.

The Eleventh Circuit held the indictment was insufficient because it failed to allege an essential element of the offense. *Id.* at 1295. Specifically, it "fail[ed] to allege Martinez's *mens rea* or facts from which her intent [could] be inferred, with regard to the threatening nature of her e-mail . . . Martinez's indictment [did] not meet the Fifth Amendment requirement that the grand jury find probable cause for each of the elements of a violation of § 875(c)." *Id*.

In this case, the Indictment contains far more specific and graphic detail than the allegations in the *Martinez* indictment. Where that indictment contained few to no facts about the alleged threats – a fact the court noted in its reasoning – the Indictment here names specific victims, when the assault would occur, and how badly Defendant would injure the victims.

Given the foregoing, we need not analyze the parties' arguments regarding the Indictment's sentence structure or the application of the *mens rea* terms to each element in the Indictment. The Indictment adequately alleges facts regarding Defendant's threatening statements from which his subjective intent to threaten can be inferred.

8

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Indictment will be denied. An appropriate order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**